Filed 4/14/26  P. v. Steele CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARC STEELE,<br><br>    Defendant and Appellant. | 2d Crim. No. B340926<br>(Super. Ct. No. 24F-00050)<br>(San Luis Obispo County) |

Marc Steele appeals from the judgment entered after a jury convicted him of possession of an assault weapon (count 5 – Pen. Code, § 30605, subd. (a));[1] two counts of possession of a firearm by a felon (counts 3 and 7 – § 29800, subd. (a)(1)); and two counts of possession of ammunition by a felon (counts 4 and 6 – § 30305, subd. (a)(1)).  The trial court found true an allegation that appellant had previously been convicted of a serious or violent felony within the meaning of California's "Three Strikes" law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

_____

[1] All statutory references are to the Penal Code.

Appellant was sentenced to prison for eight years, eight months.  The sentence included a consecutive term of eight months on each of counts 6 (possession of ammunition by a felon) and count 7 (possession of a firearm by a felon).  Appellant contends section 654 prohibits punishing him for both of these offenses because they involved "the same indivisible course of conduct based on the same intent."  We disagree and affirm.

*Underlying Facts and Trial Court's Sentence*

Appellant's convictions were based on two separate incidents.  Counts 3 and 4 were based on his possession of a firearm (count 3) and ammunition (count 4) on January 3, 2024.  The trial court sentenced appellant to three years on count 3 and stayed execution of the sentence on count 4 pursuant to section 654.  We are not concerned with these counts.

 The counts at issue – 5, 6, and 7 – were based on crimes committed on January 5, 2024.  As to these counts, the ammunition (count 6) and the firearm (counts 5 and 7) were inside a garage that had been converted into a bedroom.  In the bedroom a detective found mail addressed to appellant and a traffic citation issued to appellant.

Counts 5 and 7 involved the same firearm – an "AR-15 rifle" – that was "between . . . two pieces of furniture."  The firearm's "magazine well" contained a magazine loaded with live ".223 rifle rounds."  Appellant was not charged for possessing the ammunition inside the firearm.  Count 6 was based on another "loaded AR-15" magazine that was inside the pocket of a jacket that was draped over a chair in the bedroom.

The trial court imposed consecutive sentences of 8 months on each of counts 6 and 7.  It denied appellant's request to stay execution of the sentence on count 6 pursuant to section 654.  It

stayed execution of the sentence on count 5 because that count and count 7 involved the same firearm.

Accordingly, the aggregate sentence was four years, four months, which was doubled because of the prior strike.

*Section 654*

Section 654, subdivision (a) provides in relevant part: "An act or omission that is punishable in different ways by different provisions of law may be punished under either of such provisions, but in no case shall the act or omission be punished under more than one provision." " 'Whether a course of criminal conduct is divisible and therefore gives rise to more than one act within the meaning of section 654 depends on the *intent and objective* of the actor. If all of the offenses were incident to one objective, the defendant may be punished for any one of such offenses but not for more than one.' " (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208.)

" 'Whether section 654 applies in a given case is a question of fact for the trial court, which is vested with broad latitude in making its determination. [Citations.] Its findings will not be reversed on appeal if there is any substantial evidence to support them. [Citations.] We review the trial court's determination in the light most favorable to the respondent and presume the existence of every fact the trial court could reasonably deduce from the evidence.' " (*People v. Latten* (2021) 63 Cal.App.5th 574, 577.)

*Appellant's Argument*

Appellant argues: "[T]here was no evidence appellant had multiple intents or objectives in possessing the firearm and the ammunition. Here, both items were stored in close proximity in the same room. . . . Appellant intended to have an operational

3

firearm, and to find separate intents and objectives would be parsing the objectives too finely." "Appellant's convictions . . . were based on one continuous course of conduct not separated in time or place." "Because the offense of unlawful possession of ammunition arose from the same course of conduct relied upon to sustain a conviction for counts five, unlawful possession of an assault weapon, and count seven, unlawful possession of a firearm (same weapon), the sentence as to count six, felon in possession of ammunition should have been stayed."

*Substantial Evidence Supports Trial Court's*
*Finding that Section 654 Is Inapplicable*

Both the People and appellant cite this court's opinion in *People v. Lopez* (2004) 119 Cal.App.4th 132 (*Lopez*). There, the defendant was charged with felon in possession of a firearm and unlawful possession of ammunition. We held, "Where, as here, all of the ammunition is loaded into the firearm, an 'indivisible course of conduct' is present and section 654 precludes multiple punishment." (*Id*. at p. 138.) We concluded that the defendant's "obvious intent was to possess a loaded firearm." (*Ibid*.)

*Lopez* is distinguishable. All of the ammunition here was not loaded into the firearm. Count 6 was based on ammunition found inside the pocket of a jacket that was draped over a chair in the bedroom. Since the firearm contained a loaded magazine, the trial court could have reasonably inferred that appellant possessed extra ammunition inside the jacket's pocket for the purpose of reloading the firearm after the first magazine had been emptied.

Thus, unlike the defendant in *Lopez*, appellant did not just have an intent "to possess a loaded firearm." (*Lopez, supra*, 119 Cal.App.4th at p. 138.) Substantial evidence supports the

4

existence of multiple intents and objectives.  Accordingly, section 654 does not prohibit punishment for both possession of the loaded firearm and possession of additional ammunition inside the jacket's pocket.

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, Acting P. J.

We concur:


BALTODANO, J.


CODY, J.

5

Catherine J. Swysen, Judge

Superior Court County of San Luis Obispo

_____

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, J. Michael Lehmann, Deputy Attorney General, for Plaintiff and Respondent.